Laura Canada Lewis
Texas State Bar No. 24082465
Canada Lewis & Associates, PLLC
Email:  llewis@canadalewis.com
5550 Granite Parkway, Suite 195
Plano, Texas 75024
Telephone:  469.664.0122
Facsimile:  469.664.0129
**Attorney for Movant Kelly Nguyen**

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE:<br>SAMANTHA BRIDGET BOULT<br>*Debtor.* | § § § § § | CASE NO. 24-42124-BTR<br><br>Chapter 7 |
| Kelly Nguyen<br>*Movant*,<br><br>V.<br><br>Samantha Bridget Boult<br>*Respondent*. | § § § § § § § § § § § | |

**SECOND AMENDED MOTION
FOR RELIEF FROM THE AUTOMATIC STAY NOTICE AND
<u>WAIVER OF THE THIRTY DAY HEARING REQUIREMENT</u>**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.  IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A**

**TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:**

## INTRODUCTION

Pursuant to 11 U.S.C. § 362 (d)(1) and (2) of the Bankruptcy Code, Kelly Nguyen, through her counsel Laura Canada Lewis, files this Second Amended Motion for Relief from the Automatic Stay and Waiver of the Thirty (30) Day Hearing Requirement. In support of its Motion, Ms. Nguyen will respectfully show as follows:

## FACTS

**A. Procedural Background**

1. Pursuant to Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §362(d), this Motion is brought to obtain relief from Automatic Stay provision of 11 U.S.C. §362(a).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C §§ 361-363.

3. On July 3, 2024, Samantha Bridget Boult ("Debtor") was provided a 3-day notice to vacate pursuant to the requirements of the Texas Property Code due to her delinquency in rent. A true and accurate copy of the 3-day notice is incorporated by reference and attached hereto as <u>Exhibit A</u>.

4. On August 13, 2024, Ms. Nguyen commenced eviction proceedings with a hearing date of August 29, 2024.

5. On August 29, 2024, Ms. Nguyen obtained an order granting an eviction in the matter styled <u>Kelly Nguyen v. Samantha Boult, Case No. 01-EV-24-01534</u>. A true and accurate copy of this Eviction Judgment is incorporated by reference and attached hereto as <u>Exhibit B</u>.

6. On September 6, 2024 ("Petition Date"), Debtor filed a voluntary petition under Title 7 of the US Bankruptcy Code (the "Code") in this Court seeking an order for relief under Chapter 7 of the Code.

**B. Operational Background**

7. The property at issue is the residential property located at 160 Collin Street, Anna, Texas 75409 ("Property"), which is owned by Kelly Nguyen, and was being leased to Debtor pursuant to a written lease agreement. A true and accurate copy of the Lease is incorporated by reference and attached hereto as Exhibit C. Ms. Nguyen is seeking an order to obtain relief from the automatic stay to allow him to regain possession of the Property.

8. Prior to the Petition Date, Debtor was delinquent in paying her monthly rent.

9. Debtor has failed to pay post-petition, pro-rated rent for September, 2024. Debtor, therefore, is in default of her obligation to pay rent.

10. Without assistance from this Court, Ms. Nguyen is unable to enforce the Eviction Judgment and regain possession of the Property due to the Debtor filing for bankruptcy protection before Ms. Nguyen was able to obtain and execute on a Writ of Possession.

## APPLICABLE LAW

11. Section 3622(d) of the Code provides, in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest; (or)
>
> (2) With respect to a stay of an act against property under subsection (a) of this section, if –
>
>   (A) The debtor does not have an equity in such property; and
>
>   (B) Such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

### RELIEF SOUGHT

12. Ms. Nguyen seeks entry of an order (i) lifting the automatic stay effective as of the Petition Date and (ii) permitting Ms. Nguyen to obtain a Writ of Possession in connection with the Eviction Judgment.

### ARGUMENT

**I.   Cause Exists for Relief from the Automatic Stay under § 362(d)(1).**

13. "Cause" exists for relief from the automatic stay regarding the eviction proceeding in this case under § 362(d)(1) of the Code because Debtor did not own the Property at the commencement of the case and Debtor's leasehold interest was terminated prior to the commencement of the case.

**II.   Relief from the Automatic Stay is Appropriate under § 362(d)(2).**

14. The facts satisfy both requirements of § 362(d)(2) of the Code.

15. First, Debtor has no equity in the Property. Debtor no longer has a leasehold interest in the Property.

16. Second, the Property is not necessary to an effective reorganization.

**WHEREFORE,** Ms. Nguyen respectfully requests that this Court:

(i)   Lift the automatic stay as it applies to the Property located at 160 Collin Street, Anna, Texas 75409 pursuant to § 362(d) of the Code, effective as of the Petition Date;

(ii)  Permit Ms. Nguyen to proceed with obtaining a Writ of Possession as it relates to the Eviction Judgment;

(iii) Enter an order regarding this motion, finding that the order should be effective immediately upon its entry and should not be stayed for ten days following entry of said order; and

(iv)  Grant such other relief as the Court deems equitable and just.

Respectfully,

*/s/ Laura Canada Lewis*
Laura Canada Lewis
Texas State Bar No. 24082465
Canada Lewis & Associates, PLLC
Email: llewis@canadalewis.com
5550 Granite Parkway, Suite 195
Plano, Texas 75024
Telephone: 469.664.0122
Facsimile: 469.664.0129
**Counsel for Movant Kelly Nguyen**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on September 17, 2024, Movant attempted to call Debtor's counsel and was unable to receive a response regarding Debtor's opposition to this motion.

*/s/ Laura Canada Lewis*
Laura Canada Lewis

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been forwarded by depositing the same with the United States Postal Service via first class mail, address correction requested, postage prepaid, or via electronic mail on this 8th day of October, 2024, as follows:

Stuart M. Price
Resolve Law Group
801 Travis Street, Ste. 2101
Houston, TX 77002

Samantha Bridget Boult
160 Collins Street
Anna, TX 75409

Michelle Chow
Chapter 7 Bankruptcy Trustee
16200 Addison Road, Suite 140
Addison, TX 75001

United States Trustee
110 N. College Ave., Ste. 300
Tyler, TX 75702

/s/ Laura Canada Lewis
Laura Canada Lewis

# 3-DAY NOTICE TO VACATE

(NONPAYMENT OF RENT)

TO: Samantha Boutt

ADDRESS: 160 Collin St, Anna TX 75409

DATE: 7/16/2024

As outlined in the Texas Property Code, you are hereby noticed that three (3) days after delivery of this notice, I demand possession of the real property listed above. I am proceeding with repossessing the real property. **You currently owe:** $ 6,065.00 .

You will not receive another notice.

I hereby demand that you vacate the premises within three days or I shall take all legal action available to me, including filing an action for forcible detainer in court and seeking a judgment against you.

_____
Signature of Landlord

Landlord's Address: 500 Haven Dr, Anna TX 75409

---

This notice was delivered on 7/16/2024 at _____ o'clock ___m by:

[X] Delivering a copy of this notice to Tenant in person

[ ] Leaving a true copy of this notice with _____ at the address above

[ ] Posting a true copy of this notice to the premises according to the law

Signed this 07/16 day of _____, 2024

_____
Signature of Person serving this notice

Lazarca Stevenson
Mother

**EXHIBIT 8**

Case No. 01-EV-24-01534

| | | |
|---|---|---|
| **KELLY NGUYEN**<br>5550 Granite Parkway<br>Suite 195<br>Plano TX 75024<br>**Plaintiff** | § | **IN THE JUSTICE COURT** |
| VS. | § | **PRECINCT ONE** |
| **SAMANTHA BOULT**<br>160 Collin Street<br>Anna TX  75409<br>**Defendant** | § | **COLLIN COUNTY, TEXAS** |

### EVICTION JUDGMENT

On this 29th day of August, 2024 came to be heard the case between the parties listed in this cause of action.  Testimony indicated that the rent amount of this property is $2450.00 and the defendant, Samantha Boult pays $2450.00 and Failed to Appear for trial.

After considering proper service, oral arguments and any submitted evidence,

THE COURT HEREBY ORDERS that a Default judgment for plaintiff shall be awarded in this matter.

THE DEFENDANT IS HEREBY ORDERED to surrender the property located at 160 Collin Street Anna TX  75409.  The defendant shall pay cost of the court of $129.00, back rent of $5,765.00, attorney fees of $950.00, and 8.5000% interest per annum.

Said payment and possession shall be completed with-in 5 days after the date of this judgment.

You may appeal this judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs within 5 days after this judgment was signed. See Texas Rule of Civil procedure 510.9(a).

**ADDITIONAL FINDINGS OF THE COURT:**

Pursuant to Property Code § 24.00511, the amount of the **appeal bond** is: $11530.00.

*Important Notice*

If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property.

*El Aviso Importante*

Si usted es una persona física (y no una compañía), su dinero o propiedad pudieran estar protegidos de ser embargados como pago de esta deuda decretada en juicio en contra suya. Obtenga mayor información visitando el sitio www.texaslawhelp.org/exempt-property.

Issued on this the 29th day of August, 2024.

_____
Judge Paul M. Raleeh
Justice of the Peace, Precinct 1
Collin County, Texas

# Texas
# Residential Lease Agreement

This Lease Agreement (the "Agreement") is made and entered on April 21, 2024 (the "Effective Date ") by and between KELLY NGUYEN (the "Landlord") and the following tenants:

SAMANTHA BRIDGET BOULT

(the "Tenant")

Subject to the terms and conditions stated below the parties agree as follows:

**1. Property.** Landlord, in consideration of the lease payments provided in this Agreement, leases to Tenant the following: 4 BEDROOM HOUSE (the "Property") located at 160 COLLIN ST, ANNA, TEXAS 75409. No other portion of the building (hereinafter, the Building), wherein the Property is located is included unless expressly provided for in this Agreement.

**2. Term.** This Agreement will begin on April 21, 2024 (the "Start Date") and will terminate on April 20, 2025 (the "Termination Date").

Tenant will vacate the Property upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this Agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy will be created which either party may terminate by Tenant giving Landlord written notice of at least 30 days prior to the desired termination date, or by Landlord giving Tenant written notice as provided by law. Rent will be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement will remain in full force and effect.

**3. Management.** The Tenant is hereby notified that KELLY NGUYEN is the property manager of the Property. Should the Tenant have any issues or concerns, the Tenant may contact KELLY NGUYEN by one of the methods below:

**Address:** _____, _____, Texas
**Telephone:** 415.730.3884

**4. Rent.** Tenant will pay to Landlord lease payments of $2,450.00, payable in advance on the **third** day of each calendar month and is delinquent on the next day. There will be no rent increases through the initial term of the lease. Landlord may increase the rent that will be paid during any month-to-month renewal period by providing at least 30 days written notice to Tenant.

**Payments should be sent to:**

Payment address: 500 HAVEN DR, ANNA, TEXAS 75409 or at such other place as Landlord may designate from time to time.

**Payments can be made by using one of the following methods payment:** Acceptable forms of payment:

- Personal check
- Money order
- Cashier's check
- Cash
- Zelle

Tenant agrees to submit rent payments by one of the methods above. In the event that the Property is shared by roommates, or of another form of joint or multiple occupancy, Tenant will be responsible for collecting payment from all parties and submitting a single payment to Landlord. Tenant is responsible for any payment made by mail and not received by the due date stated herein. Mailed payments must be received on or before the due date. Rent payments for any partial month will be pro-rated at the rate of 1/30th of the monthly rent payment per day.

**5. Security Deposit.** Tenant must deposit with Landlord the sum of **$2,450.00** (the "Security Deposit") within the first month by **May 30th 2024**. Security Deposit has the meaning assigned to that term in § 92.102, Texas Property Code. No interest or income will be paid to Tenant on the Security Deposit. Landlord may place the Security Deposit in an interest-bearing or income-producing account and any interest or income earned will be paid to Landlord or Landlord's representative. Tenant must give Landlord at least thirty (30) days' written notice of termination of tenancy before Landlord is obligated to refund or account for the Security Deposit.

**Notice about Security Deposits:**

**a) § 92.108, Texas Property Code provides that a tenant may not withhold payment of any portion of the last month's rent on grounds that the security deposit is security for unpaid rent.**
**b) Bad faith violations of § 92.108 may subject a tenant to liability up to 3 times the rent wrongfully withheld and the landlord's reasonable attorney's fees.**
**c) The Texas Property Code does not obligate a landlord to return or account for the security deposit until the tenant vacates the Property and gives the landlord a written statement of the tenant's forwarding address, after which the landlord has sixty (60) days in which to account.**

**6. Non-Sufficient Funds.** Tenant will be charged a monetary fee of $25.00 as reimbursement of the expenses incurred by Landlord for each check that is returned to Landlord for lack of sufficient funds. In addition, a check returned due to insufficient funds will be subject to any and all late payments provisions included in this Agreement (if any). All charges will be immediately due from Tenant and failure to make immediate payment will constitute a default under the terms of this Agreement.

Landlord reserves the right to demand future payments by cashier's check, money order or certified funds on all future payments in the event of a check returned for insufficient funds. Nothing in this paragraph limits other remedies available to the Landlord as a payee of a dishonored check.

**7. Late Payments.** For any payment that is not paid within 3 days after its due date, Tenant must pay a late fee in the amount of $150.00. The late fee is a cost associated with the collection of rent and the Landlord's acceptance of a late charge does not waive Landlord's right to exercise remedies under the "Default" section of this Agreement. This section is governed by Texas Property Code § 92.019.

**8. Failure to Pay.** Tenant is hereby notified that a negative credit report reflecting on Tenant's credit history may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of their credit obligations, such as their financial obligations under the terms of this Agreement.

**9. Occupants.** No more than 6 person(s) may reside on the Property unless the prior written consent of the Landlord is obtained.

This Lease and occupancy of the Property is binding, individually and severally, on each person(s) specifically named and who signs this Lease, regardless of the named person's occupancy of the Property.
    Authorized Tenants/Occupants:
- SAMANTHA BRIDGET BOULT

Tenant may have guests on the Property for not over 14 consecutive days or 30 days in a calendar year, and no more than two guests per bedroom at any one time. Persons staying more than 14 consecutive days or more than 30 days in any calendar year will NOT be considered original occupants of the Property. Tenant must obtain the prior written approval of Landlord if an invitee of Tenant will be present at the Property for more than 14 consecutive days or 30 days in a calendar year.

**10. Possession.** Tenant will be entitled to possession of the Property on the first day of the term of this Agreement, and will yield possession to Landlord on the last day of the term of this Agreement, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant will remove its goods and effects and peaceably yield up the Property to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**11. Use of Property/Absences.** Tenant will occupy and use the Property as a full-time residential dwelling unit. Tenant will notify Landlord of any anticipated extended absence from the Property not later than the first day of the extended absence.

No retail, commercial or professional use of the Property is allowed unless the Tenant receives prior written consent of the Landlord and such use conforms to applicable zoning laws. In such case, Landlord may require Tenant obtain liability insurance for the benefit of Landlord. Landlord reserves the right to refuse to consent to such use in its sole and absolute discretion.

The failure to abide by the provisions of this section will constitute a material breach of this Agreement and is a just cause for eviction.

**12. Appliances.** The following appliances will be provided by Landlord:

- Stove
- Refrigerator
- Washer
- Dryer

Tenant will return all such items at the end of the term in a condition as good as existed at the beginning of the lease term, normal wear and tear excepted.

**13. Storage.** No additional storage space outside the Property is provided or authorized by this Lease. Tenant shall not store any property in any area outside of the rented Property at any time.

**14. Parking.** This Lease does not include or provide for parking spaces for motor vehicles or motorcycles anywhere in or about the Premises and or Building.

**15. Roof/Fire Escapes.** Use of the roof and/or the fire escapes by Tenants and/or guests is limited to emergency use only. No other use is permitted, including but not limited to, the placement of personal property.

**16. Pets.** Tenant is permitted to have pets, subject to the following limitations: Zero

Strays shall not be kept or fed in or about the Property. Strays can be dangerous, and Landlord must be notified immediately of any strays in or about the Property.

**17. Keys and Locks.** Landlord confirms the Property is in compliance with the lock and security device requirements outlined in Tex. Property Code, Chapter 92, Subchapter D. Landlord has or will rekey the property within 7 days of the Tenant moving in to the property. Tenant will be given 2 key(s) to the Property and 2 mailbox key(s). If all keys are not returned to Landlord following termination of the Lease, Tenant shall be charged $125.00. Tenant is not permitted to change any lock or place additional locking devices on any door or window of the Property without Landlord's approval prior to installation. If allowed, Tenant must provide Landlord with keys to any changed lock immediately up installation. Tenant will be responsible for any fees or costs associated with any Tenant requests to rekey the property or replace a security device.

**18. Lockout.** If Tenant becomes locked out of the Property, Tenant will be charged $175.00 to regain entry.

**19. Smoking.** Smoking is not permitted inside the leased Premises. Smoking is authorized only in designated smoking areas specifically identified throughout the Property, including:

ANYWHERE OUTSIDE

The Tenant will be liable for any damages caused to the Premises or Property due to Tenant or Tenant's visitors or guests smoking in the Premises or Property.

**20. Smoke Detectors.** The Landlord is responsible for ensuring the Property is equipped with smoke detectors in their proper location as required by Texas Property Code, Chapter 92, Subchapter F. Any requests for additional smoke detectors must be in writing. Tenant may be subject to civil liability for damages and attorney fees under Texas Property Code § 92.2611 due to damage to the Property should the Tenant disconnect, intentionally damage the smoke detector, or remove the battery without immediately replacing it with a working battery.

**21. Maintenance and Repairs.** Landlord shall have the responsibility to maintain the Property in reasonably good repair at all times and perform all repairs reasonably necessary to satisfy any implied warranty of habitability except that Tenant will be responsible for: FRONT AND BACK YARD MOWED AND A/C AIR FILTERS

Tenant will, at Tenant's expense, and at all times maintain the Property in a clean and sanitary manner including all furniture, furnishings, and appliances therein and will surrender the same upon termination of tenancy in the same condition received, except for normal wear and tear. Tenant will be responsible for all damages in about the Property caused by Tenant's negligence and that of their family or invitees or guests. Tenant will immediately notify Landlord, in writing, of any problem, malfunction, or damage. Landlord believes the Property is in a habitable condition until written notice to the contrary is received by Landlord.

In the event Tenant hires or employs an independent contractor to complete repairs or improvements to the Property without written consent from Landlord, and the work and method of the contractor is found to be unsatisfactory and to have caused additional damage, Tenant will be responsible for the cost of redoing the work and to correct the damages.

Except in an emergency, all maintenance and repair requests must be made in writing and delivered to Landlord or property manager. If Tenant is delinquent in rent at the time a repair notice is given, Landlord is not obligated to make the repair. A repair request will be deemed permission for the Landlord or property manager to enter the Property to perform such maintenance or repairs in accordance with this Agreement unless otherwise specifically requested, in writing, by Tenant. Tenant may not place any unreasonable restrictions upon Landlord or property manager's access or entry. Landlord will have expectation that the Property is in a safe and habitable condition upon entry.

**Notice: If Landlord fails to make a requested repair that materially affects the physical health or safety of an ordinary tenant as required by this lease or the Texas Property Code, Tenant may be entitled to exercise remedies under Texas Property Code §§ 92.056 and 92.0561. Tenant should not exercise the remedies outlined in Texas Property Code §§ 92.056 and 92.0561 without consulting an attorney or carefully reviewing the procedures under the applicable sections. The Texas Property Code finds 7 days a reasonable period of time for the Landlord to repair a condition unless there are extenuating circumstances which warrant a different period of time is more appropriate. Failure to strictly follow the procedures outlined**

in the applicable sections of the Texas Property Code may cause Tenant to be in default of the lease.

**22. Utilities and Services.** Tenant shall be responsible for all utilities and services incurred in connection with the Property.

**Notice: Before signing this Agreement, Tenant should determine if all necessary utilities are available to the Property and are adequate for Tenant's use.**

**23. Default.** Tenant shall be in default of this Lease if Tenant fails to fulfill any lease obligation or term by which Tenant is bound. Subject to any governing provisions of law to the contrary, if Tenant fails to cure any financial obligation within 5 days (or any other obligation within 10 days) after written notice of such default is provided by Landlord to Tenant, Landlord may elect to cure such default and the cost of such action shall be added to Tenant's financial obligations under this Lease, including reasonable attorneys' fees. All sums of money or charges required to be paid by Tenant under this Lease shall be additional rent, whether or not such sums or charges are designated as "additional rent". The rights provided by this paragraph are cumulative in nature and are in addition to any other rights afforded by law.

**24. Holding Over.** Should the Tenant hold over the term hereby created with consent of the Landlord, the term of this lease will become a month-to-month tenancy and be deemed to be and be extended at the rental rate herein provided, and otherwise upon the terms and conditions in this Agreement, until either party hereto serves upon the other thirty (30) days written notice of termination, reflecting the effective date of cancellation.

**25. Military Termination.** In the event, the Tenant is, or hereafter becomes, a servicemember or a dependent of a servicemember, Tenant may terminate this Agreement by delivering to Landlord a written notice of termination and a copy of an appropriate government document providing evidence of: (a) entrance into military service; (b) military orders for a permanent change of station (PCS); or (c) military orders to deploy with a military unit for not less than 90 days. Termination is effective on the 30th day after the first date on which the next rental payment is due after the date on which the notice is delivered. This section is governed by Texas Property Code § 92.017.

**26. Family Violence Termination.** Tenant may terminate this Agreement if Tenant obtains and provides Landlord with a copy of a court order described under Texas Property Code § 92.016, protecting Tenant or an occupant from family violence committed by a cotenant or occupant of the Property. This section is governed by Texas Property Code § 92.016.

**27. Condition of Property.** Tenant stipulates, represents and warrants that Tenant has examined the Property and accepts it " **AS-IS**," the Property being currently in good order, repair, and in a safe, clean and tenantable condition.

**28. Alterations and Improvements.** Tenant will make no alterations to the buildings or improvements to the Property or construct any building or make any other improvements on the Property without the prior written consent of Landlord. Any and all alterations, changes, and/or

improvements built, constructed or placed on the Property by Tenant will, unless otherwise provided by written agreement between Landlord and Tenant, be and become the property of Landlord and remain on the Property at the expiration or earlier termination of this Agreement.

**29. Personal Property Remaining on Property.** It is Tenant's responsibility to remove all personal property items at the time of vacating the Property. Any items remaining on the Property may be disposed of in the trash or landfill, donated to charitable organizations, or stored and/or sold in accordance with Texas Property Code § 54.045(b)-(e) by the Landlord without Tenant's consent. Tenant is required to reimburse Landlord for any expenses or reasonable costs associated with packing, removing, storing, and/or selling the personal property left on the Property after the property was vacated.

**30. Hazardous Materials.** Tenant will not keep on the Property any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Property or that might be considered hazardous or extra hazardous by any responsible insurance company.

**31. Radon Gas Disclosure.** As required by law, Lessor makes the following disclosure: Radon Gas is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have not been found in buildings in the vicinity of the Property. Additional information regarding radon and radon testing may be obtained from the county public health unit.

**32. Megan's Law Disclosure.** The Texas Department of Public Safety maintains a database that the public may search, at no cost, to determine if registered sex offenders are located in certain areas (see www.txdps.state.tx.us under services). For more information concerning past criminal activity in certain areas, contact the local police department.

**33. Casualty Loss or Condemnation.** If the Property is damaged by fire or other casualty or is condemned, then either Landlord or Tenant may terminate this Agreement by notifying the other party. Any prepaid Rent will be returned to the Tenant on termination. Texas Property Code § 92.054 governs the rights and obligations of the parties regarding a casualty loss to the Property. Any proceeds, payment for damages, settlements, awards, or other sums paid because of a casualty loss to the Property will be Landlords sole property.

**34. Landlord Access to Property.** Landlord and Landlord's agents will have the right at all reasonable times during the term of this Agreement and any renewal thereof to enter the Property for the purpose of inspecting the Property and all buildings and improvements thereon. Tenant will make the Property available to Landlord or Landlord's agents for the purposes of making repairs or improvements, or to supply agreed services or show the Property to prospective buyers or tenants, or in case of emergency. Except in case of emergency, Landlord will give Tenant reasonable notice of intent to enter. For these purposes, twenty four (24) hour written notice will be deemed reasonable.

**35. Indemnity Regarding Use of Property.** To the extent permitted by law, Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, including reasonable attorney fees, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Property, except Landlord's act or negligence. Tenant hereby expressly releases Landlord and/or agent from any and all liability for loss or damage to Tenant's property or effects whether on the Property, garage, storerooms or any other location in or about the Property, arising out of any cause whatsoever, including but not limited to rain, plumbing leakage, fire or theft, except in the case that such damage has been adjudged to be the result of the gross negligence of Landlord, Landlord's employees, heirs, successors, assignees and/or agents.

**36. Accommodation.** Landlord agrees to and is committed to complying with all applicable laws providing equal housing opportunities. To ensure compliance, Landlord will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or a tenant, unless undue hardship would result. It is the applicant or tenant's responsibility to make Landlord aware of any required accommodation. In writing, the individual with the disability should specify the nature and effect of the disability and any accommodation he or she needs. If after thoughtful consideration and evaluation, the accommodation is reasonable and will not impose an undue hardship, Landlord will make the accommodation. Landlord reserves the right to require appropriate medical verification of the disability.

**37. Compliance with Regulations.** Tenant will promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other authorities, and the fire insurance underwriters. However, Tenant will not by this provision be required to make alterations to the exterior of the building or alterations of a structural nature.

**38. Mechanics Liens.** Neither Tenant nor anyone claiming through the Tenant will have the right to file mechanics liens or any other kind of lien on the Property and the filing of this Agreement constitutes notice that such liens are invalid. Further, Tenant agrees to (1) give actual advance notice to any contractors, subcontractors or suppliers of goods, labor, or services that such liens will not be valid, and (2) take whatever additional steps that are necessary in order to keep the Property free of all liens resulting from construction done by or for the Tenant.

**39. Residential Landlord's Lien.** Landlord will have a lien for unpaid rent against all of Tenant's nonexempt personal property. Landlord may seize any nonexempt personal property if the Tenant fails to pay rent. Landlord and Tenant's rights under the Landlord's Lien are described in Texas Property Code, Chapter 54, Subchapter C. Tenant is required to reimburse Landlord for any expenses or reasonable costs associated with packing, removing, storing, and/or selling the nonexempt personal property. Landlord may sell or dispose of the property in accordance with the guidelines set forth in Texas Property Code § 54.045.

**40. Texas Property Code.** Landlord and Tenant each acknowledge that chapter 92 of the Texas Property Code, which deals with residential tenancies, affords certain rights and imposes certain duties on them.

**41. Subordination of Lease.** This Agreement is subordinate to any mortgage that now exists, or may be given later by Landlord, with respect to the Property.

**42. Assignment and Subletting.** Tenant may not assign or sublease any interest in the Property, nor assign, mortgage or pledge this Agreement, without the prior written consent of Landlord, which MAY be unreasonably withheld. This is a blanket prohibition, meaning no replacement tenant(s) will be permitted and no additional tenant or occupant will be allowed on the Property even if a Tenant leaves the Property. This prohibition applies to each and every term of this Agreement in regard to space leased to Tenant. Any waiver of this prohibition must be secured from the Landlord in writing, and the consent of which Landlord may withhold in its sole and absolute discretion. In the event the prohibition is invalidated or lifted, Tenant, Landlord and any subtenant or assignee agrees to be bound by each and every provision contained in this Agreement.

**43. Notice.** Notice under this Agreement will not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed to the party at the appropriate address set forth below. Such addresses may be changed from time to time by either party by providing notice as set forth below. Notices mailed in accordance with these provisions will be deemed received on the third day after posting.

**Landlord:**
KELLY NGUYEN

**Tenant:**

SAMANTHA BRIDGET BOULT
160 COLLIN ST, ANNA, TEXAS 75409

Such addresses may be changed from time to time by any party by providing notice as set forth above.

**44. Venue and Governing Law.** Exclusive venue is in the county where the Property is located. This Agreement will be governed, construed and interpreted by, through and under the Laws of the State of Texas.

**45. Waiver and Severability.** The failure of either party to enforce any provisions of this Agreement will not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement. If any provision of this Agreement or the application thereof will, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Agreement nor the application of the provision to other persons, entities or circumstances will be affected thereby, but instead will be enforced to the maximum extent permitted by law.

**46. Time of Essence.** Time is of the essence with respect to the execution of this Lease Agreement.

**47. Estoppel Certificate.** Tenant will execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within three (3) days after its receipt. Failure to comply with this requirement will be deemed Tenant's acknowledgment that the estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

**48. Entire Agreement.** This document constitutes the entire Agreement between the Tenant and Landlord. This Agreement cannot be modified except in writing and must be signed by all parties. Neither Landlord nor Tenant have made any promises or representations, other than those set forth in this Agreement and those implied by law. The failure of Tenant or its guests or invitees to comply with any term of this Agreement is grounds for termination of the tenancy, with appropriate notice to Tenants and procedures as required by law.

**49. Application.** Tenant represents and warrants that all statements in Tenant's rental application are accurate. Any misrepresentations will be considered a material breach of this Agreement and may subject Tenant to eviction. Tenant authorizes Landlord and any broker to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Lease. Landlord reserves the right to terminate this Agreement (i) before occupancy begins, (ii) upon disapproval of the credit report(s), or (iii) at any time, upon discovering that information in Tenant's application is false.

**50. Binding Effect.** The provisions of this Agreement will be binding upon and inure to the benefit of parties and their respective legal representatives, successors and assigns.

**IN WITNESS WHEREOF**, the Landlord and Tenant have executed this Agreement in the manner prescribed by law as of the Effective Date.

**Landlord:**
KELLY NGUYEN
Date: 4/21/2024

By: *Kelly Nguyen*

**Tenant:**
Date: 4/21/2024

By: *Samantha Boult*

**RECEIPT**
By Signing above Landlord hereby acknowledges receipt and Tenant acknowledges the payment of the following:
Security Deposit: $ 2,450
Pet Deposit: $0
Total Collected: $0.00
**Security Deposit $2,450 must be paid within the first month by May 30th, 2024.

1st rent received  $700.00